IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

ARROW ELECTRONICS, INC.,

           Plaintiff,

v.

AC TECHNOLOGY, INC., et al.,

1:09-cv-01577-CMA-KMT   Defendants.

1:09-cv-01577-CMA-KMT

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 9 2010

GREGORY C. LANGHAM
                   CLERK

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MICHAEL A. BYRD'S MOTION TO DISMISS DUE TO LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE TO QUASH SERVICE OF PROCESS BASED UPON INSUFFICIENCY OF SERVICE OF PROCESS

Defendant Michael A. Byrd ("Byrd"), *pro se,* pursuant to Fed.R. Civ.P. 12(b)(2), or, in the alternative, 12(b)(5), states as follows in support of his motion to Dismiss:

## INTRODUCTION

Defendant Byrd moves for an order dismissing this proceeding because this Court lacks personal jurisdiction over Mr. Byrd. As more fully set forth below, Plaintiff should not be permitted to sue Defendant Byrd individually in Colorado because he is a non-resident of Colorado and the claim is based on a breach of contract action against Defendant AC Technology, Inc., a corporation which is located in the Commonwealth of Virginia and maintains no presence in the State of Colorado.

## BACKGROUND AND PROCEDURAL POSTURE

On July 2, 2009, Plaintiff Arrow Electronics, Inc. ("Arrow") filed this case in this Court. Arrow's Complaint seeks damages based on allegations of breach of contract, fraud, conversion, and breach of fiduciary duty arising from alleged breaches of a contract between Arrow and Defendant AC Technology, Inc. ("AC Technology").

1

Service was attempted on Byrd on December 29, 2009 purportedly at his residence in Maryland but the service was defective. See, Affidavit of Michael A. Byrd ("Byrd Aff.") at ¶ 10 attached hereto as Exhibit A and the Affidavit of Service of Summons and Complaint submitted by Karl Stephens in the Court's case file.

Arrow claims that this Court generally has jurisdiction over the Defendants pursuant to 28 V.S.C. Section 1332(a), but no factual allegation has been made supporting a basis for this Court's exercise of personal jurisdiction over Defendant Byrd.

## FACTUAL BACKGROUND ON THE ISSUE OF PERSONAL JURISDICTION OVER DEFENDANT BYRD

Defendant AC Technology is a corporation organized under the laws of the Commonwealth of Virginia with its former principal place of business located at 22695 Commerce Center Court, Dulles, Virginia 20166. See Byrd Aff. ¶ 3, Munns' Aff., ¶ 3 attached to Munns' Motion to Dismiss. On or about April 1, 2009, AC Technology ceased doing business and presently owns virtually no assets. See Byrd Aff. ¶ 4, Munns' Aff., ¶ 4. From approximately June 30, 2008 to April 1, 2009, AC Technology's principal place of business, headquarters, corporate records and employees were located in the Commonwealth of Virginia. AC Technology does not now, and never has, maintained an office in Colorado. See Byrd ¶ 5, Munns Aff.

Defendant Byrd is an adult individual who resides in Maryland. See Byrd Aff., ¶ 10. For the period June 30, 2008 through February 28, 2009, he conducted business in Dulles, Virginia as the Executive Vice-President ("EVP") of AC Technology, a Virginia corporation. See Byrd Aff., ¶ 2. Any and all contacts that Byrd had with Arrow were strictly limited to his role as EVP of AC Technology. See Byrd Aff., ¶ 6. Munns and Byrd negotiated the agreements with Arrow from their office in Virginia and dealt with the Marlboro, MA office of the Company and never dealt with anyone in Colorado. See Byrd Aff., ¶ 7.

2

## ARGUMENT

I.    COLORADO DOES NOT HAVE PERSONAL JURISDICTION OVER DEFENDANT BYRD.

    A.    STANDARD FOR ANALYZING CHALLENGES TO PERSONAL JURISDICTION UNDER FED.R.CIV.P. 12(b)(2)

        1.    Personal Jurisdiction

Resolution of personal jurisdiction challenges typically involves a two-step inquiry. First, the court must determine whether the forum state's long-arm statute authorizes personal jurisdiction over a defendant. Second, the court must determine whether the personal jurisdiction so authorized is consistent with due process. *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.E.d. 95, 66 S.Ct. 154 (1945). "To obtain personal jurisdiction over a non-resident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Soma Med. Int'L v. Standard Chartered Bank*, 196 F .3d 1292, 1295 (10th Cir. 1999)."Colorado's long arm statute is co-extensive with constitutional limitations imposed by the due process clause." *Day v. Snowmass Stables, Inc.*, 810 F. Supp. 289, 291 (D. Colo. 1993) (citing *Mr. Steak, Inc.* v. *District Court*, 194 Colo. 519, 574 *P.2d* 95, 96 *(Colo.* 1978)). Thus, the inquiry is whether Defendant Byrd purposefully established minimum contacts with Colorado such that personal jurisdiction over Byrd does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316,90 L.Ed. 95,66 S.Ct. 154 (1945). "In order for the exercise of personal jurisdiction to comport with due process, a non-resident defendant must have sufficient 'minimum contacts' with the forum state that requiring it to defend itself within the forum state 'does not offend traditional notions of fair play and substantial justice.'" *OMI Holdings, Inc.* v. *Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). In the instant case, the Court is not presented with the question as to the extent of Defendant Byrd' contacts with Colorado. Defendant Byrd has had no contact with the forum state and therefore, requiring him to defend an action in Colorado is in direct

3

contravention to the notions of fair play and substantial justice. Where cause of action does not arise in forum, sole inquiry is whether defendant's contacts are sufficiently continuous and substantial to support jurisdiction. *CES Publishing Corp. v Dealerscope, Inc.* (1982, ED Pa) 544 F Supp 656.

B.   COLORADO'S LONG-ARM STATE DOES NOT CONFER JURISDICTION OVER DEFENDANT BYRD.

Arrow does not allege any factual basis in its complaint for this Court to exercise personal jurisdiction over Defendant Byrd. It is well established that in order for a court to assert personal jurisdiction over a person, "there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and protection of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 78 S.Ct. 1228 (1958); *CES Publishing Corp. v Dealerscope, Inc. (1982, ED Pa) 544 F Supp 656.* [Where cause of action does not arise in forum, sole inquiry is whether defendant's contacts are sufficiently continuous and substantial to support jurisdiction.]

Defendant Byrd has had no cognizable contacts with Colorado, nor does the plaintiff allege that Byrd has had contact with Colorado. Defendant Byrd's role was to assist in negotiating an agreement with Arrow from his office in Virginia in which he dealt with Arrow's Massachusetts office. He never dealt with Arrow's Colorado office. Individually, Defendant Byrd has had no contacts with Colorado. Byrd Aff. ¶ ¶ 7, 8, and 9. There is no basis for this Court to exercise personal jurisdiction over Defendant Byrd.

## II. ALTERNATIVELY, BYRD MOVES THIS COURT TO QUASH SERVICE ON HIM FOR INSUFFICIENT SERVICE OF PROCESS

Fed. R. Civ. P. 12(b)(5) provides a remedy when the actual service of process on a party is defective. In this case, the process server, Karl Stephens, stated that he left the Summons and Complaint with "...a white male approx. 45-55 years of age 5'4" – 5'6" in height weighing 140-160 lbs with brown hair." He fails to describe the so-called Jane

4

Doe. In fact, the Defendant Byrd is a 41 year-old African American, 5'11" tall and 180 lbs with a closely shaved head and was not present at the alleged time of service. Byrd Aff. ¶ 10. He is married to an African-American spouse and they both reside at the same address. The person described in Affidavit of Service of Summons and Complaint as "CO-RESIDENCE/SPOUSE" has never resided at nor visited Mr. Byrd's residence as stated in the service affidavit. Byrd Aff. ¶ 10 The process server either (1) served the wrong person possibly at the wrong address, or (2) misrepresented to the Court the actual facts of his defective service. For either, reason, Byrd requests, in the alternative, that the service be quashed as defective.

## CONCLUSION

For the foregoing reasons, this Court lacks personal jurisdiction over Defendant Byrd in this case. WHEREFORE, Defendant Michael A. Byrd respectfully requests that this Court grant his Motion to Dismiss and dismiss the Complaint against him, or, alternatively, quash service of process, and grant such further relief as this Court deems just and proper.

Respectfully submitted,

*MABₐₙ*

Michael A. Byrd
*Pro se*

5