UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ARROW ELECTRONICS, INC.<br>A New York Corporation,<br><br>                  Plaintiff,<br>vs.<br><br>AC TECHNOLOGY, INC.<br>22695 Commerce Center Court<br>Dulles, VA 20166<br><br>and<br><br>EARLE D. MUNNS, JR.<br>11660 Great Falls Way<br>Great Falls, VA 22066<br><br>and<br><br>MICHAEL ANDREW BYRD<br>2201 Darnell Court<br>Bowie, MD 20721<br><br>                  Defendants. | ) Civil Action No. 1:09-cv-1577-CMA-KMT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF, ARROW ELECTRONIC'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

---

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff, Arrow Electronics, Inc. in the above-entitled action hereby opposes

Defendant Earle D. Munns, Jr's Motion to Dismiss for Lack of Personal Jurisdiction.

This opposition is based on this notice, the Memorandum of Points and Authorities filed herewith and on all papers, pleadings and documents on file and such other oral and/or documentary evidence as will be presented at the time of hearing.

Respectfully Submitted,

Dated: February 8, 2010                    GALEN & DAVIS, LLP

By:   /s/ Jeffrey M. Galen, Esq.
Jeffrey M. Galen, Esquire
Galen & Davis, LLP
16255 Ventura Blvd., Suite 900
Encino, CA 91436
Telephone: (818) 986-5685
Facsimile: (818) 986-1859
Email: jeffrey.galen@galendavislaw.com
Attorneys for Plaintiff,
Arrow Electronics, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant, Earle D. Munns, Jr. (referred to as "MUNNS") brings this Motion to Dismiss for Lack of Personal Jurisdiction. MUNNS alleges that this case should be dismissed on the grounds that there is no basis for personal jurisdiction in the State of Colorado. MUNNS alleges that he is a resident in the State of Maryland and has discernible contacts with the State of Colorado. In order for the exercise of personal jurisdiction to comport with due process, a non resident Defendant must have sufficient minimum contacts with the forum state that requiring it to defend itself within the forum state does not offend traditional notions of fair play and substantial justice. MUNNS, in his moving papers, contends that he has no contact with the forum state and requiring him to defend himself in an action in Colorado is in direct contravention to the notions of fair play and substantial justice.

In the interest of justice and for the convenience of the parties and witnesses, this matter should be transferred to the United States District Court for the Eastern District of Virginia. Based upon the facts that the majority of business contacts, communications, and interaction between the parties in this matter occurred in the State of Virginia as well as the fact that Earle Munns, Jr. ("MUNNS") and Michael Byrd ("BYRD") were employed by AC Technology, Inc., ("AC) and were based in Virginia; the fact that the Security Agreements which are at issue in this matter were negotiated and executed in the State of Virginia, the alleged fraudulent misrepresentations and acts attributed to MUNNS and BYRD were made in the State of Virginia and financial impact

of the litigation on both parties favors that this matter be transferred to the Virginia Court.

Accordingly, in the interest of justice, this matter should be transferred to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. 1406(a). In the alternative, the case should be dismissed without prejudice and refiled in the United States District Court for the Eastern District of Virginia.

## II. STATEMENT OF FACTS

On July 2, 2009, Plaintiff, Arrow Electronics, Inc. ("ARROW") filed the instant action in this court. Arrow seeks damages based on allegations for Breach of Contract, Fraud, Conversion and Breach of Fiduciary Duty against Defendants, AC Technology, Inc. "(AC"), Earle D. Munns, Jr. ("MUNNS") and Michael A. Byrd ("BYRD").

AC is a corporation organized under the Commonwealth of Virginia and had its principal place of business in Dulles, Virginia. From approximately June 30, 2008 from April 1, 2008, Defendant Munns conducted business in Dulles, Virginia and was the Chief Executive Officer of AC.

On July 30, 2008, ARROW and BYRD on behalf of and as an authorized officer of AC executed a Security Agreement in which AC granted ARROW a Purchase Money Security Interest to secure AC's obligations under the Security Agreement including all electronic merchandise and goods and other products sold to AC identified in AC's purchase orders as well as all accounts, accounts receivables, or other rights to payments derived from the sale of goods sold and all proceeds and the products thereof. On July 30, 2008, BYRD on behalf of and as an authorized officer AC executed an Amendment to the Security Agreement.

4

Pursuant to Section 4(a) of the Security Agreement, payment for the goods ordered were to be paid directly to ARROW. Payments were to be sent to ARROW'S "lockbox" by the end user. AC was to instruct the end users and specify on their invoices to the end user to remit all payments as follows:

AC Technology, Inc.
P.O. Box 18803
Newark, NJ 07191-8803

Pursuant to the Security Agreement, AC promised and agreed to obtain payment from the end user and to ensure that the proceeds were delivered promptly to ARROW. Further, AC agreed not to commingle the proceeds with any other property or proceeds and agreed not to deposit the proceeds in any bank account.

Pursuant to Section 5 of the Security Agreement, the assigned funds which constitute payment pursuant to the Security Agreement, are the sole property of ARROW. AC agreed that if checks were received by them, they would immediately forward said checks to the lockbox address or if the funds are directly deposited into AC's bank account, AC would make payment to ARROW within 24 hours.

Further, on July 30, 2008, BYRD executed on behalf of and as an authorized officer of AC, a Limited Power of Attorney authorizing ARROW to endorse checks on behalf of AC.

AC, MUNNS and BYRD either instructed end users to make payment directly to them or received payments from end users on certain invoices which were the sole property of ARROW. AC, MUNNS and BYRD maintained and misappropriated these funds and did not remit these funds to ARROW. ARROW alleges that AC, MUNNS and BYRD diverted and misappropriated the amount of One Million Nine Hundred Nine

Thousand Sixteen Dollars and Seventeen Cents ($1,909,016.17) are the rightful property of ARROW. Further, there are outstanding purchase orders totaling the amount of One Million Three Hundred Eighty Seven Thousand One Hundred Eighty Six Dollars and Sixteen Cents ($1,387,186.16) which as of yet payment has not been remitted by the end user and ARROW is concerned that these end users will remit payment to AC, MUNNS and BYRD..

In the complaint it is alleged that MUNNS and BYRD have made false representations to ARROW in connection with the Security Agreement. It has been alleged that MUNNS and BYRD have breached the Security Agreement by either instructing end users to remit payment directly to AC or by receiving payments from end users directly and failing to remit said payments to ARROW. Further, it is alleged that MUNNS AND BYRD breached their fiduciary duty by diverting and misappropriating funds which were the sole property of ARROW.

### III. THIS CASE SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA IN THE INTEREST OF JUSTICE

In the instant case, the lawsuit should have been brought by Plaintiff in the United States District Court for the Eastern District of Virginia in the interest of justice and for the convenience of the parties and witnesses.

In the instant case, the lawsuit should be transferred to the United States District Court for the Eastern District of Virginia on the grounds that AC was a Virginia corporation. MUNNS from the period of June 30, 2008 to April 1, 2009 conducted business in Dulles, Virginia and was employed by AC as the Chief Executive Officer.

MUNNS's communications and interactions with Plaintiff's employees were made in the State of Virginia. The Security Agreements which are the subject matter of this action, were entered into by AC and their representatives in Virginia. The alleged fraudulent misrepresentations and acts attributed to MUNNS was made in the State of Virginia. Former employees of AC who would be potential witnesses in this matter are principally located in the State of Virginia and AC's documentary evidence would be located in the State of Virginia.

Therefore based upon all of the facts set forth above, this matter should be transferred to United States District Court for the Eastern District of Virginia in the interest of justice and the convenience of the parties and witnesses. Further it will alleviate any alleged prospective burdens to MUNNS in having to litigate this matter in Virginia. In the alternative, the court is inclined to dismiss the case, it is hereby respectfully requested that the court dismiss the case without prejudice so that Plaintiff can re-file the matter the matter in the United States District Court for the Eastern District of Virginia.

Pursuant to 28 U.S.C. 1406(a) which states in its pertinent part:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

This case should be transferred or in the alternative dismissed without prejudice and re-filed in the United States District Court for the Eastern District of Virginia. Plaintiff has a viable action against the MUNNS for fraudulent misrepresentation. Plaintiff sets forth that MUNNS and BYRD diverted funds but either instructing end

users to remit directly to AC instead of ARROW'S lockbox or by intentionally failing to remit funds which were received by AC which were the lawful property of ARROW.

## IV. CONCLUSION

For all of the foregoing reasons and all of the authorities cited herein, it is hereby respectfully requested that the Court deny MUNNS's Motion to Dismiss for Lack of Personal Jurisdiction and transfer this matter to the United States District Court for the Eastern District of Virginia. Or in the alternative, dismiss the matter without prejudice so that Plaintiff can re-file in the United States District Court for the Eastern District of Virginia.

Respectfully Submitted,

Dated: February 8, 2010                    GALEN & DAVIS, LLP

By:   /s/ Jeffrey M. Galen, Esq.
Jeffrey M. Galen, Esquire
Galen & Davis, LLP
16255 Ventura Blvd., Suite 900
Encino, CA 91436
Telephone: (818) 986-5685
Facsimile: (818) 986-1859
Email: jeffrey.galen@galendavislaw.com
Attorneys for Plaintiff,
Arrow Electronics, Inc.

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA          )
                             )
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action, my business address is 16255 Ventura Boulevard, Suite 900, Encino, California 91436.

This Document was filed electronically. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system and by U.S. Mail. Parties may access this filing through the Court's system.

On February 8, 2010, I served the foregoing document described as **PLAINTIFF, ARROW ELECTRONIC'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** thereof enclosed in a sealed envelope as follows:

Dennis J. Bartlett, Esq.  
Kerr, Brosseau, Bartlett, O'Brien, LLC  
1600 Broadway, #1600  
Denver, CO 80202

Michael A. Byrd  
2201 Darnell Court  
Bowie, MD 20721

Jennifer A. Brust, Esq.  
Bean, Kinney & Korman, PC  
2300 Wilson Blvd., Suite 700  
Arlington, VA 22201

( )   (VIA FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

(X)   (VIA MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Encino, California.

( )   (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

( )   (HAND DELIVERED) I caused such envelope(s) to be hand delivered, addressed to the person(s) on who it is to be served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed February 8, 2010 at Encino, California.

Sheri Young                          /s/ Sheri Young
Print Name                           Signature